COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE | § | No. 08-24-00023-CV |
| | § | |
| GILBERT MARTINEZ | § | AN ORIGINAL PROCEEDING |
| and ALFREDO GARCES, | § | IN MANDAMUS |
| Relators. | § | |

## MEMORANDUM OPINION

Relators Gilbert Martinez and Alfredo Garces (collectively, Martinez) ask us to direct the Honorable Sergio Enriquez, Presiding Judge of the 448th Judicial District Court of El Paso County, to order Real Parties in Interest Robert Lopez and R. Lopez Scrap Metal, LLC (collectively, Lopez) to "comply with the prior [post-judgment discovery] orders of the [trial court] and produce the requested documents for the prior four years and pay sanctions[.]"[1]

After prevailing in the trial court on summary judgment, Martinez served Lopez with requests for production in aid of judgment. When Lopez failed to respond, Martinez filed a motion to compel, which the trial court heard and granted. When Lopez failed to comply with the resulting order, Martinez filed a motion for contempt, which the trial court heard but neither granted nor denied. Instead, the trial court ordered Lopez to produce all documents requested and pay $500 in attorney's fees. When Lopez failed to comply with this order, Martinez filed a "Motion to Enforce Contempt Order," which the trial court heard and denied. However, the trial court again ordered

---

[1] Lopez was given an opportunity to respond to Martinez's petition, but failed to do so; accordingly, we decide this matter based on the petition and the record.

Lopez to produce all documents requested and pay $500 in attorney's fees. This time, according to Martinez, Lopez paid the sanction but produced only "a fraction" of the documents requested. Martinez filed a "third motion to compel," asserting that Lopez "produced some documents, but for only six months, when a minimum of four years were requested." After a hearing, the trial court denied the motion "in its [e]ntirety" after having "reviewed and considered the [m]otions and [r]esponse filed." Martinez filed a motion to reconsider, which was denied, leading to this mandamus action.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Mandamus is the proper vehicle to challenge post-judgment discovery orders. *In re Holman*, No. 12-21-00145-CV, 2021 WL 5237945, at *1 (Tex. App.—Tyler Nov. 10, 2021, orig. proceeding) (mem. op.) (citations omitted).

In a mandamus proceeding, along with the petition, the relator must file an appendix containing a certified or sworn copy of any order complained of, or any other document showing the matter complained of. Tex. R. App. P. 52.3(k)(1)(A). Further, the relator must file a record that includes a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. Tex. R. App. P. 52.7(a)(1). The record must also include a transcript of any relevant hearings held in any underlying proceeding. Tex. R. App. P. 52.7(a)(2). *See also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (denying mandamus relief because transcripts of relevant hearings not provided); *In re Motor Car Classics*, No. 06-10-00051-CV, 2010 WL 2784437, at *2 (Tex. App.—Texarkana July 15, 2010, orig. proceeding) (mem. op.) (same).

Martinez contends that the trial court clearly abused its discretion in its handling of Lopez's

alleged failure to comply with post-judgment discovery orders. The record before us is insufficient to evaluate the merits of Martinez's petition. At a minimum, the record fails to include: (1) the discovery requests at issue; (2) the discovery responses at issue; (3) the response(s), if any,[2] to the discovery motions at issue; (4) a transcript of relevant hearings held on the motions; and (5) the trial court's register of actions or docket sheet.[3]

Without a complete record, we are unable to determine whether the trial court clearly abused its discretion. *See* Tex. R. App. P. 52.7; *In re Corpus Christi Liquefaction, LLC*, 588 S.W.3d 275, 278 (Tex. 2019) (orig. proceeding) (emphasizing that "mandamus shall not be dependent upon the determination of any doubtful question of fact") (internal citation omitted); *In re State Farm Mut. Auto. Ins. Co.*, No. 13-22-00589-CV, 2023 WL 418699, at *4 (Tex. App.—Corpus Christi Jan. 26, 2023, orig. proceeding) (mem. op.) (emphasizing that mandamus action requires certainty as to both pleadings and facts).

Accordingly, the petition for writ of mandamus is denied without prejudice. *See* Tex. R. App. P. 52.8(a).

LISA J. SOTO, Justice

April 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[2] Martinez's statement of facts fails to indicate whether Lopez responded to any of Martinez's discovery motions. Martinez's argument does address this issue, contending that Lopez "never filed any kind of response to any of [Martinez's] motions." In contrast, the trial court's order on Martinez's "third motion to compel" recites that the court "reviewed and considered the [m]otions and [r]esponse filed."

[3] This list is not necessarily exhaustive. For example, if the contents of any of the listed items point to other items necessary to make the record complete, such items must be included in the record as well.